IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERTO BARRAGAN-TORRES,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:05-CV-0286-Y |
| | § | |
| COLE JETER, Warden,<br>Federal Medical Center-Fort Worth,<br>　　Respondent. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Roberto Barragan-Torres, Reg. No. 56358-198, is a federal prisoner incarcerated in the Federal Medical Center (FMC-Fort Worth), in Fort Worth, Texas.

Respondent Cole Jeter is Warden of FMC-Fort Worth.

#### C. PROCEDURAL HISTORY

In the Southern District of California, San Diego Division, Case No. 99-CR-3314-ALL, Barragan-Torres was charged with various drug-related offenses. *See* PACER, U.S. Party/Case

Index, Criminal Docket for # 99-CR-2214-All. Pursuant to a plea agreement, Barragan-Torres pled guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and was sentenced to a term of 120 months' incarceration. *See id.*, entries for August 7, 2000 & October 23, 2000. Thereafter, Barragan-Torres sought postconviction relief via 28 U.S.C. §§ 2241 and 18 U.S.C. § 3582(c)(2) to no avail. *See id.*, entries for June 12, 2002 & March 21, 2003. Barragan-Torres filed this federal petition under § 2241 in this division, where he is currently serving his sentence.

## D.  DISCUSSION

Barragan-Torres contends his sentence is unconstitutional in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).[1] Specifically, he claims his sentence was illegally enhanced under the federal sentencing guidelines based on judge-found facts, not willingly admitted by him or found by a jury beyond a reasonable doubt, regarding relevant conduct of which he was actually innocent. (Petition at 3-7.)

The threshold question is whether Barragan-Torres's claim is properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241

---

[1] In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 756-57.

may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Barragan-Torres cannot satisfy the first prong of the *Reyes-Requena* test. Barragan-Torres fails to cite legal authority or present a factual basis demonstrating that he was convicted of a nonexistent offense. Further, the Fifth Circuit has recently held that *Booker* does not apply retroactively to cases on collateral review. *See Padilla v. United States*, ___ F.3d ___, 2005 WL 1595291, at *3 (5th Cir. July 8, 2005).[2] *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding *Booker* does not apply retroactively on collateral review for purposes of successive motion to vacate under § 2255). Bound by the law of our circuit, Barragan-Torres cannot meet the

---

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 5, 2005) (No. 05-5187); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 17, 2005) (No. 05-5130); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 31, 2005) (No. 04-10694); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, 133 Fed. Appx. 922, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication in the Federal Reporter).

3

retroactivity requirement. As such, Barragan-Torres is precluded from challenging the legality of his sentence under § 2241. Thus, the court is without jurisdiction to consider the petition. *See Padilla*, 2005 WL 1595291, at *3; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II.  RECOMMENDATION

Because Barragan-Torres has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, it is recommended that the government's motion to dismiss be granted and that Barragan-Torres's petition be dismissed with prejudice for want of jurisdiction.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 9, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 9, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 19, 2005.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE